UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL B. MCPHERSON,

Petitioner,

v.

RAUL MORALES, Warden,

Respondent.

Case No. 1:26-cv-05665-KES-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]

OBJECTIONS DUE IN 14 DAYS

(Doc. 1)

Petitioner Michael B. McPherson, a state prisoner, proceeding pro se and *in forma pauperis* filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 20, 2026. (Doc. 1, "Petition"). The matter is before the Court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must examine the petition and order a response unless it "plainly appears" that Petitioner is not entitled to relief. Rule 4 gives courts "an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The Court may dismiss claims at screening for "easily identifiable" procedural defects. *See id.* For the reasons below, the undersigned recommends dismissing the Petition as duplicative, and, alternatively, as frivolous.

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

# I. BACKGROUND

The Petition raises one claim: the warden has failed to release Petitioner despite the Court's acknowledgment of his "sovereign" status. (Doc. 1 at 4). Petitioner attaches an order in *Makal Brusamtone Makfarsan v. Trump*, No. 1:26-cv-01729-JLT-SKO, adopting findings and recommendations that denied his application to proceed *in forma pauperis* because he has accrued three strikes and does not qualify for the imminent danger exception under 28 U.S.C. § 1915. Petitioner seeks release from custody. (*Id.*).

The Court takes judicial notice of its records, which show that Petitioner has filed more than 25 civil rights actions in this district and four additional habeas petitions. *See McPherson v. Warden*, No. 1:26-cv-05278-JLT-EPG (findings and recommendations pending on dismissal for failure to state a claim); *McPherson v. Morales*, No. 1:26-cv-04871-KES-EGC (findings and recommendations pending on dismissal of mandamus as frivolous); *McPherson v. Warden*, No. 1:25-cv-01885-KES-SKO (dismissed because mandamus relief was unavailable); and *McPherson v. St. Andre*, 2:23-cv-01014-WBS-KJN (dismissed as untimely). The Court also takes judicial notice that *McPherson v. Warden*, No. 1:26-cv-05278-JLT-EPG, is duplicative of this Petition.

# II. APPLICABLE LAW AND ANALYSIS

## A. Duplicative Petition

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012); *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d. Cir. 1977) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."). A court may dismiss, stay, enjoin, or consolidate a later-filed duplicative action after weighing the equities. *Adams*, 487 F.3d at 688. In determining whether an action is duplicative, the Court considers whether the parties, causes of action, and requested relief are the same. *Id.* at 689.

Ordinarily, when a pro se petitioner files a second habeas petition while an earlier petition remains pending, the Court should construe the later filing as a motion to amend the earlier

petition. *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008). That approach serves no purpose here the Petition duplicates the earlier-filed action. *See Pierce v. Obama et al.*, 2015 WL 300676, at *2 (E.D. Cal. Jan. 22, 2015) ("[Petition] is an exact duplicate of the second amended petition currently pending in the previously filed action . . . Therefore, construing the new petition as a motion to amend would serve no purpose.").

This Petition and the petition filed in *McPherson v. Warden*, No. 1:26-cv-05278-JLT-EPG, involve the same parties, claim, and requested relief. (Doc. No. 1, *McPherson*, No. 1:26-cv-05278-JLT-EPG, Doc. No. 1). The Petition therefore should be dismissed as duplicative. *See Garza v. Hernandez,* 2008 WL 3060756, at *1 (E.D. Cal. Aug. 4, 2008); *Pierce*, 2015 WL 300676, at *2.

B. Summary Dismissal as Frivolous

Under Rule 4, the Court "must dismiss" a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Summary dismissal is appropriate when a petition is "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner's assertion that the warden knows of his sovereign status but nevertheless "fails to release" him reflects "sovereign citizen" ideology.[2] Courts, including the Ninth Circuit, consistently reject arguments based on that ideology as frivolous. *See, e.g., United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *Caetano v. Depository Tr. Co.*, 2022 WL 3043277, at *3 (E.D. Cal. Aug. 2, 2022), *report and recommendation adopted*, 2022 WL 4664141 (E.D. Cal. Sept. 30, 2022) (collecting cases); *Muhammad v. Smith*, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases); *Banks v. Florida*, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases).

---

[2] "While many various sub-groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying principle is the belief that even though they physically reside in this country, the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Caetano v. Internal Revenue Serv.*, 2023 WL 3319158, at *2 (E.D. Cal. May 9, 2023).

Accordingly, in the alternative, the undersigned recommends that the Petition be summarily dismissed without leave to amend because it is patently frivolous. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

III. CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a final order in a § 2254 proceeding does not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11. When the Court denies relief on procedural grounds without reaching the underlying constitutional claim, a certificate should issue only if reasonable jurists could debate both the procedural ruling and whether the petition states a valid constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the conclusion that the Petition is duplicative and frivolous. The undersigned therefore recommends that no certificate of appealability issue.

Accordingly, IT IS RECOMMENDED that:

1. The Petition (Doc. 1) be DISMISSED without leave to amend.
2. No certificate of appealability issue.
3. The Clerk of Court be directed to terminate all pending motions and deadlines and close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: September 4, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE